PER CURIAM.
Ñaman is a retail grocer who sells food to nursing homes which house and feed Medicaid recipients pursuant to an agreement between the nursing homes and the State. The nursing homes are reimbursed for services rendered to Medicaid patients on a direct cost-basis by the Medical Services Administration, Department of Public Health.
The Commissioner of Revenue contends that the sale of food by Ñaman to the nursing homes is a sale at retail and is therefore subject to the State sales tax. Ñaman and Heritage Nursing Home brought a bill for declaratory judgment seeking to have declared void Sales Tax Regulation M18-011, as amended September 20,1974, under which the Commissioner claims the tax. That regulation provides in part:
“Hospitals and nursing homes purchasing tangible personal property for use in furnishing services to Medicaid recipients are not exempt from sales or use tax. Hospitals and nursing homes are primarily engaged in the business of rendering services. They are not liable for sales tax with respect to their gross receipts from meals, drugs, or other tangible personal property used in rendering hospital or nursing home service. Hospitals and nursing homes are deemed to be the purchasers for use or consumption of such tangible personal property, and the sellers of these items to hospitals and nursing homes are required to collect the tax on sales of such property to hospitals and nursing homes (see Rule H15-021).

The trial court held that this regulation was void as it relates to Heritage Nursing Home and Ñaman and others similarly situated.
The Commissioner appealed and contends that the regulation is a valid implementation of Title 51, § 786(3)(a), Code, because the sales of food are retail sales to the nursing home, which the Commissioner says is the ultimate purchaser. The taxpayers, on the other hand, argue that, because the ultimate consumer is the Medicaid recipient and the State pays the actual cost by reimbursing the nursing home, the tax is in reality a tax paid by the State, contrary to the provisions of Title 51, § 786(34), which exempts from sales tax “(i) The gross proceeds of sales of tangible personal property to the state of Alabama . . . ”
Obviously, if the sale of food to the nursing home is a sale to the State, it is a sale exempt from the sales tax. This depends upon whether, in making the purchase, the nursing home is acting as agent for the State.
*1336 The arrangement between the State and Heritage is embodied in a so-called “Provider Agreement.” Pursuant to that agreement, ^Heritage provides medically necessary skilled nursing home services to eligible beneficiaries for a specified period, and the State reimburses Heritage at the Medicaid rate, established on the basis of a per diem, in turn based on an audit report of operating expenses submitted to the State.
Is Heritage the State’s agent in purchasing food which then becomes part of the services rendered to Medicaid recipients for which Heritage is reimbursed by the State? Or, stating the issue in different terms, does the fact that the State ultimately pays the tax, by reimbursing Heritage on the basis of cost in providing nursing home services to Medicaid recipients, mean that the sale of food to Heritage is a sale of tangible personal property to the State and, therefore, exempt from sales tax under Title 51, § 786(34), Code? We hold that Heritage is not the State’s agent and that the sale of food to it is not a sale to the State. Therefore, the sale is taxable.
Although we have found no cases involving the exact issue involved here, and none has been cited to us, we do find cases involving analogous situations.
Not infrequently contractors supplying goods to a tax exempt entity under a cost-plus arrangement have contended that materials purchased to perform such contracts are not subject to the sales tax either because the contractor, in making such purchases, acts for the tax exempt entity or that the transaction is exempt from the tax because the exempt entity bears the ultimate cost under the contract. This argument was rejected by the Supreme Court of the United States in State of Alabama v. King & Boozer, 314 U.S. 1, 12, 62 S.Ct. 43, 47, 86 L.Ed. 3 (1941), where the court said:
“ . . . [The contractors] were not relieved of the liability to pay the tax either because the contractors in a loose and general sense were acting for the Government in purchasing the lumber or . because the economic burden of the tax imposed upon the purchaser would be shifted to the Government by reason of its contract to reimburse the contractors.”
In Hamm v. Boeing Co., 283 Ala. 310, 216 So.2d 288 (1968), this court held that sales were subject to the sales tax unless the incidence of the tax fell directly upon the tax exempt entity and the fact that the tax exempt entity indirectly bore the burden of the tax and did not invalidate a sales tax assessment.
Thereafter in Rust Engineering Co. v. State, 286 Ala. 589, 597, 243 So.2d 695, 702 (1971), the contractor attempted to invalidate a sales tax assessment, contending that it was acting as an agent for the State in purchasing goods in order to perform a contract with the State. Again, this court rejected that argument, saying:
“ ‘The evidence also undisputedly shows that the [contractor] paid the suppliers for the materials and supplies with its own funds, and with checks drawn on its own private bank account, and was never reimbursed for the cost of any of the specific materials or supplies by the State Docks Department, but was only paid in partial payments the lump sum consideration for the entire job. The [contractor] took possession of the materials, etc., upon same being delivered to them at the State Docks by the suppliers, and remained in possession thereof, until it used them in performing the contract and for its own benefit in earning the consideration paid for the job under the original contract.

Here, too, the facts are undisputed. Heritage pays for all of the food it buys by its own check. It takes possession of the food and uses it in preparing meals for the inhabitants of the nursing home. The State does not reimburse Heritage for the specific item but, instead, periodically reimburses Heritage on a cost-basis for the total nursing home services rendered to Medicaid recipients. We can perceive no material difference between these facts and those involved in Rust Engineering Co. v. State, supra. The undisputed facts will not per *1337 mit a deduction that Heritage acts as an agent of the State in making the purchases of food from Ñaman, and, as shown by the cited cases, the fact that the State indirectly bears the burden of the tax does not invalidate the assessment thereof.
The judgment appealed from is, therefore, reversed and remanded.
REVERSED AND REMANDED.
HEFLIN, C. J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.